# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

27h    215
74 AD  370

JANE CROSIER, as Administratrix, etc., of MARY PERRY, Deceased, Respondent, v. CORNELL STEAMBOAT COMPANY, Appellant.

*Application to a surrogate for letters of administration — verification of the petition — 1878, chap. 298, sec. 2 — when the legal appoinment of the officer administering the oath will be assumed — form of jurat.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried, and also from an order denying a motion to strike out a sum included in the verdict for interest.

The action was brought by the plaintiff to recover damages for the negligent killing of her intestate by the defendant.

The court at General Term said: "The presentation by the plaintiff of the letters of administration issued to her by the surrogate established *prima facie* their validity. (*Belden* v. *Meeker*, 47 N. Y., 307.)

"Only the jurisdiction of the surrogate to issue them could be attacked collaterally. (Code Civil Pro., § 2591.) It is objected that the surrogate acquired no jurisdiction, because it does not appear that the petition upon which the same were granted was verified before 'an officer duly authorized to administer oaths,' as is required by Laws 1878, chapter 298, section 2, where the surrogate himself does not personally examine, on oath, the applicant. In this case, the petition purports to be verified before 'J. P. Cullen, Notary Public.' It commences thus: 'Surrogate's Court, Ulster county, *ss.*' Upon the evidence, it is not otherwise apparent that J. P. Cullen was a notary public for the county of Ulster.

No evidence was given to show that he was not. The surrogate received this petition as a compliance with the statute.

"*Non constat*, that it was not made and verified in the Surrogate's Court and under the observation of that officer. Every presumption is in favor of the surrogate having acted rightly.

"Besides, it is the practice of the courts to read affidavits purporting to have been taken before an officer authorized by the statutes to administer oaths, upon the jurat or certificate of the officer, if within the State, without further authentication.

"The presumption is that the affidavit was taken within the limits of his jurisdiction, and the court will not, in case of a *de facto* officer, inquire into the validity of his appointment in a proceeding to which he is not a party. (*Parker* v. *Baker*, 8 Paige, 428; *Thurman* v. *Cameron*, 24 Wend., 87.)

"The statute says the petition shall be 'verified.' No separate affidavit of verification was appended, but a jurat, thus: 'Sworn before me, etc.' The presumption is that the petitioner swore that the petition is true."

*S. L. Stebbins*, for the appellant.

*D. W. Sparling*, for the respondent.

Opinion by LANDON, J.; LEARNED, P. J., and BOARDMAN, J. concurred.

Judgment and order affirmed, with costs.